Mr. Justice MacArthur
stated the case and delivered the opinion of the court:
This action is brought against the defendant as the acceptor of the following bill of exchange:
$3,000. — [Stamp.] “New York, 1st October, 1872.
“Three months after date pay to the order of the drawer three thousand dollars, value received, and charge the same to account of
E. PARKMAN.”
“To James Sykes, Esq.,
Washington, D. CP
The words “Accepted, James Sykes” are written across the face of the bill.
The defendant interposes the plea of usury, and sets up the following facts as to the origin of the bill: That Parkman, who is the drawer, on the 1st day of October, 1872, at the city of New York, corruptly agreed with one Horace Winans that Winans should loan to the said Parkman $3,000 upon said bill of exchange for three months, and should retain $600 for illegal and usurious interest on said bill, and that afterward Parkman drew and forwarded the bill, in pursuance of such unlawful agreement, to the defendant, who accepted it solely as an accommodation acceptor, and without any knowlege of the said illegal contract relating thereto; and that Parkman, in pursuance of the aforesaid usurious agreement, delivered the accepted draft to Winans, who retained the sum of $600 for the loan and forbearance for the period of three months.
The statutes of New York declaring usurious contracts void, and that the sum so retained by Winans was in excess of lawful interest, and that, by force of the statute aforesaid, the said bill became void, are all properly alleged in the plea.
The plaintiff replies that the bill was drawn by Parkman in the city and State of New York, and directed to the defendant in the city of Washington, where it was accepted by the defendant; and that the same was discounted by the plaintiff for a valuable consideration before it became due, in good *491 faith and in the regular course of his business as a banker; and the defendant demurs to this replication on the ground that it is bad in substance, and does not avoid the plea of usury.
Upon this issue the defendant contends that the bill of exchange in suit is a New York contract, upon which there has been taken a greater rate of interest than the law of that State allows, and there can be no doubt that if the law of New York is to furnish the rule of the contract, it must be declared usurious and void. The bill is dated in New York; it was drawn there; the alleged usurious agreement was made there, and the money was obtained and no doubt used in that city. The agreement for usurer was entered into before the draft was forwarded to Washington; the defendant accepted it in ignorance of that circumstance, and without any consideration, and solely for the accommodation of the drawer. It was accepted here by the defendant, and then forwarded to New York, where it was passed over to Winans as a security for a loan of money. The bill was not only drawn in New York, but it had its inception there for the first time as a contract; and the parties who gave it this obligation of a contract were subject to the law of New York. It is quite true that acceptances are deemed contracts of the place where they are made. Still, the acceptance here, being solely for the accommodation of the drawer, is not deemed in law a contract until it becomes capable of being enforced.
The accommodation acceptor is not liable until the paper is transferred to a holder for value before it becomes due. It then becomes a contract and can be enforced. The bill, therefore, had its origin in New York; it was consummated there; the money was loaned, and the security delivered, in that place; it is dated there, and no other place of performance is designated in the contract. Upon this state of the pleadings, a majority of the court are of opinion that the validity of the transaction must be determined by reference to the law of New York, and as that law declares the contract void when usurious, the demurrer was properly sustained below, and the judgment is affirmed.
Olin and Humphreys, JJ., dissenting.